UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DORNICK,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 18-5090 (FLW)<br><br>**MEMORANDUM & ORDER** |

  **THIS MATTER** is opened to the Court by Petitioner Jane Dornick ("Petitioner") upon the submission of a Motion to Vacate, Set Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 1.) It appearing that:

  1. On October 21, 2021, Petitioner filed a motion for compassionate release in the instant habeas case. ECF Nos. 25-26. Petitioner was subsequently notified by the Clerk's Office that the motion for compassionate release was filed in the wrong case. Relying on the arguments for compassionate release, Petitioner also seeks bail pending the resolution of her habeas case. *See id.* at 48. (*Id.*)

  2. The issue of bail in these circumstances was considered by the Court of Appeals in *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992). The court stated "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Id.* at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). The court observed "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be

limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.*  The court cited two cases presenting extraordinary circumstances: the first involved a petitioner who was an advanced diabetic and in poor health.  *See Marsh*, 227 F.2d at 529; the second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided.  *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

3.  While the Court certainly recognizes the seriousness of the COVID-19 pandemic, as the government explains, Petitioner has neither addressed how her § 2255 petition raises "substantial constitutional claims" upon which she is highly likely to succeed nor what "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano*, 970 F.2d at 1238-39 & n.19.  Petitioner has not provided grounds upon which to grant this exceptional form of relief.  For these reasons, Petitioner's motion for bail while her §2255 petition is pending is denied.

4.  The Clerk of the Court shall also terminate the motion for compassionate release at ECF Nos. 25-26, as this motion should have been filed in Petitioner's criminal case.  Accordingly, and for good cause appearing,

**IT IS**, on this 26th day of April 2021,

**ORDERED** that Petitioner's Motion for Bail is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion for compassionate release at ECF Nos. 25-26.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge