UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DORNICK,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 18-5090 (FLW)<br><br>MEMORANDUM & ORDER |

This matter having been opened to the Court by Petitioner Jane Dornick's ("Petitioner" or "Ms. Dornick") filing of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons explained in this Memorandum and Order, the Court will require the parties to provide supplemental briefing prior to resolving the motion or determining whether an evidentiary hearing is necessary.

Petitioner was represented at all pre-trial matters and at the plea by Criminal Justice Act ("CJA") assigned-attorney Bruce L. Throckmorton ("Mr. Throckmorton"). On July 14, 2014, the day trial was scheduled to commence, Petitioner pleaded guilty to Count One of an Indictment which charged her with, on or about August 16, 2010, knowingly employing, using, persuading, inducing, enticing, an coercing a minor female to engage in sexually explicit conduct for the purpose of transmitting any live visual depiction of such conduct, and the visual depiction was transmitted using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a). In exchange for Ms. Dornick's guilty plea, the Government dismissed the two other counts of the indictment, which would have exposed her to 90 years in prison.

1

After Ms. Dornick pleaded guilty, on or about August 27, 2014, Mr. Throckmorton was terminated as counsel, and Petitioner retained new counsel, Curt J. Geisler ("Mr. Geisler") and Miles R. Feinstein ("Mr. Feinstein"). *See* Crim Dkt. No. 55. On December 10, 2014, Amy E. Lefkowitz ("Ms. Lefkowitz"), of the Law Office of Curt J. Geisler, and Mr. Feinstein represented Petitioner at sentencing, and this Court sentenced Petitioner to 30 years' imprisonment, the maximum sentence allowed for a violation of Title 18, United States Code, Section 2251(a). *See* Appendix on Behalf of Jane Dornick, Amended Judgment of Conviction, A11- A17. On November 23, 2016, the Court of Appeals for the Third Circuit affirmed Petitioner's 30-year sentence. *See* A78-A79.

Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255. ECF No. 1. This motion was brought by Mr. Geisler and Mr. Feinstein, the same attorneys who represented Petitioner at sentencing. In Grounds One-Three of her § 2255 Petition, Petitioner alleges that Mr. Throckmorton provided ineffective assistance of counsel in failing to investigate defenses and interview witnesses who would have supported Petitioner's account that she was duped and manipulated by her codefendant, former South Plainfield Police Officer Michael Grennier, who allegedly pressured Ms. Dornick to assist him in his alleged "To Catch a Predator" work. Petitioner alleges that she had a viable defense and lacked *mens rea* for the § 2251 production offense to which she pleaded guilty. In Ground Nine of the Petition, Petitioner alleges that Throckmorton was ineffective for waiting until the eve of trial to retain an expert to evaluate Petitioner for diminished capacity, failing to obtain Petitioner's mental health records, and failing to have the expert evaluate Petitioner prior to her guilty plea.[1] Petitioner has provided an expert

---

[1] Mr. Throckmorton submitted a letter to the Court in June 2014, seeking funds to engage an expert psychologist to assist with addressing "how Ms. Dornick could have participated in the conduct with which she is charged." *See* Supplemental Appendix on Behalf of Jane Dornick,

2

report prepared by Jeffrey C. Singer, Ph.D. ("Dr. Singer") in support of Ground Nine. In Ground Four of the Petition, Petitioner also alleges that Mr. Throckmorton's failure to investigate defenses and interview witnesses also prejudiced her <u>at sentencing</u>. In her supporting Memorandum of Law, Petitioner also argues with respect to each claim for relief that she is entitled to resentencing to the extent her conviction is not vacated.

To support a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *United States v. Kmet*, 806 F. App'x. 109, 112 (3d Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "When addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (internal quotation marks omitted).

---

June 17, 2014 Letter to the Court from Bruce Throckmorton, SA180. Ms. Dornick asserts that she had no knowledge that Mr. Throckmorton was seeking an expert on diminished capacity. Mr. Throckmorton's request to engage Dr. Coughlin was approved by the Court on July 2, 2014. *See* Exhibit 2, CJA Authorization and Voucher For Expert and Other Services. It appears that Dr. Coughlin performed some work in Ms. Dornick's criminal matter and was paid for the services he rendered. *Id.*

3

Moreover, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *See Kmet*, 806 F. App'x. at 114 (citing *Hill*, 474 U.S. at 59).

The right to effective assistance of counsel also extends to sentencing. *See United States v. Sepling*, 944 F.3d 138, 145 (3d Cir. 2019) (citing *Glover v. United States*, 531 U.S. 198 (2001)); *Rompilla v. Beard*, 545 U.S. 374, 393 (2005) (holding that the failure to investigate and discover mitigating evidence at the sentencing stage was ineffective assistance of counsel because "mitigating evidence, taken as a whole, might well have influenced the jury's appraisal" of the defendant's culpability and therefore "the likelihood of a different result if the evidence had gone in is sufficient to undermine confidence in the outcome actually reached at sentencing") (internal quotations and citations omitted).

Having reviewed the parties' submissions, at this time, the Court finds that supplemental briefing is needed to address how Petitioner was prejudiced by Mr. Throckmorton's alleged ineffective assistance of counsel and whether Petitioner's current counsel should be disqualified because they represented Petitioner in the sentencing proceeding; indeed, based on Petitioner's claims, sentencing counsel may also be implicated in the alleged ineffective assistance of counsel.

First, Petitioner should address whether her diminished capacity defense (including presentation of expert testimony) would have been a viable trial strategy with respect to the § 2251(a) charges. Petitioner asserts generally that she would have gone to trial using a diminished capacity defense to negate *mens rea* and would have been acquitted. Under the Insanity Defense Reform Act, 18 U.S.C. § 7, expert psychological testimony is not admissible to

4

assert a diminished capacity defense, but only to show insanity as defined by the Act or to negate an element of the crime charged. *United States v. Pohlot*, 827 F.2d 889 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988); *see also U.S. v. Baxt*, 74 F.Supp.2d 436, 440 (D.N.J. 1999) ("It is well-settled in this Circuit that such testimony is admissible only if it is offered: (1) in support of a plea of insanity; or (2) to negate the *mens rea* element of an offense.") (citing *Pohlot*, 827 F.2d at 896–97). As to the latter, "[d]istrict courts should admit evidence of mental abnormality on the issue of *mens rea* only when, if believed, it would support a legally acceptable theory of lack of *mens rea*." *Pohlot*, 827 F.2d at 905–06. Expert testimony is not admissible, for instance, if it merely supports a defense of justification or excuse. "Defenses of justification and excuse, such as 'diminished capacity' and 'diminished responsibility' defenses, are not acceptable theories of lack of *mens rea*." *Baxt*, 74 F.Supp.2d at 440 (citing *Pohlot*, 827 F.2d at 898–99). As explained by the District Court in *Baxt*:

> A court's focus in assessing the admissibility of expert psychiatric testimony should be "on the proffered link or relationship between the specific psychiatric evidence offered and the *mens rea* at issue in the case." *United States v. Childress*, 58 F.3d 693, 730 (D.C. Cir. 1995). Conclusory statements by a defendant about the link between psychiatric evidence and the defendant's *mens rea* at the time the alleged crime was committed do not render the evidence admissible. *See United States v. Bennett*, 161 F.3d 171, 181, 185 (3d Cir.1998).

*Baxt*, 74 F.Supp.2d at 440 ("In other words, the [psychiatric expert testimony] is inadmissible unless offered to support the claim that either [defendant] did not know he filed false statements or that [defendant] did not intend to influence the action of the bank through the submission of those statements."); *see also United States v. Heinrich*, No. 17-13, 2021 WL 630962, at *13 (W.D. Pa. Feb. 18, 2021) (excluding psychiatrist's export report where defendant was charged with production of child pornography under § 2251(a), finding that the report "simply seek[s] to

5

provide avenues to excuse the conduct through a purported lack of self-awareness of intent and the social consequences of [the defendant's] actions. As such, the testimony is outside what remains admissible under *Pohlot* and/or 18 U.S.C. § 17."). Even if the hurdle of *Pohlot* could be met, the testimony will be admitted only if it satisfies the requirements of Rules 702 and 403 of the Federal Rules of Evidence. *Baxt*, 74 F.Supp.2d at 441 (citing *United States v. Libutti*, Crim. No. 92–611, 1994 WL 774646, at *4–5 (D.N.J. 1994)).

Here, Petitioner's supporting Memorandum of Law briefly mentions *Pohlot* but has not sufficiently addressed whether and how the specific psychiatric evidence offered by Dr. Singer would negate the *mens rea* element(s) of the § 2251(a) offenses at issue. Petitioner should therefore explain how the psychiatric evidence would negate *mens rea* element(s) of the § 2251(a) offense, and whether the expert testimony would likely be admissible at trial under *Pohlot* and the Rules of Evidence. Petitioner shall also address in more detail whether the other defenses she has put forth, *i.e.*, that she was duped by Grennier, or the public authority defense, would have been viable trial strategies against the § 2251(a) charges.

Petitioner also alleges that she would have been offered a better plea deal if Mr. Throckmorton had conducted an adequate investigation, interviewed witnesses, and/or had her evaluated for diminished capacity prior to her entering a guilty plea. Counsel's "failure to obtain a [better] plea bargain is not evidence of ineffective assistance of counsel when the record does not contain evidence that one might have been offered." *Eisemann v. Herbert*, 401 F.3d 102, 109 (2d Cir. 2005); *see also Burger v. Kemp*, 483 U.S. 776, 785-86 (1987). Petitioner shall address whether there is <u>any evidence</u> that Petitioner would have been offered a better plea deal but for Mr. Throckmorton's alleged ineffectiveness.

Finally, Petitioner shall provide supplemental briefing regarding her claim of ineffective assistance of counsel at sentencing and whether her current counsel should be disqualified if they are implicated in her claims of ineffective assistance. Petitioner appears to assert that Mr. Throckmorton's failures to investigate defenses, interview witnesses, obtain her treatment records, and/or have Petitioner evaluated for diminished capacity also prejudiced her <u>at sentencing</u>, and that she is entitled to a new sentencing proceeding based on her plea counsel's ineffective assistance. Notably, however, Mr. Throckmorton was terminated as counsel after Ms. Dornick pleaded guilty on July 14, 2014. Petitioner retained the services of Mr. Geisler and Mr. Feinstein on or about August 27, 2014, and she was represented by Mr. Geisler (Ms. Lefkowitz appearing) and Mr. Feinstein at sentencing on December 10, 2014. Crim. Dkt. No. 14-243, Nos. 54-55, 59. Because Mr. Geisler and Mr. Feinstein represented Petitioner for several months prior to sentencing, it is unclear why they did not obtain Petitioner's medical records, seek an adjournment to have Petitioner evaluated for diminished capacity prior to sentencing, or move to withdraw her plea.[2] Furthermore, to the extent Petitioner is arguing that she was prejudiced <u>at sentencing</u>, there is a potential conflict of interest, as her current attorneys may be implicated in the alleged ineffective assistance at sentencing and/or could become witnesses should the Court determine that a hearing is required. As such, the parties should also address whether Petitioner's current counsel should be disqualified, and new counsel be appointed to represent her in this matter.

---

[2] In her Memorandum of law, Petitioner acknowledges that her "plea counsel Throckmorton had Dornick evaluated by James R. Reynolds, Ph.D. and Dr. Reynolds submitted a report (prior to sentencing) dated November 19, 2014 ("RR" denotes Reynolds Report). However, Dr. Reynolds never opined as to the 'diminished capacity' defense and his focus was solely on Dornick's then 'current and psychological function, and . . . her risk for sexually re-offending.' ("RR" at 1)." ECF No. 12, Memorandum of Law at 2. Petitioner's sentencing counsel relied on the Reynolds Report at sentencing.

Petitioner shall submit the first supplemental brief by no later than June 4, 2021, and the Government shall respond by no later than June 25, 2021. The Court will reserve on the whether a hearing is needed on any of the grounds for relief and administratively terminate this matter at this time for docket management purposes until the supplemental briefing is completed.

**IT IS, THEREFORE**, on this 10th day of May 2020,

**ORDERED** Petitioner shall submit her supplemental brief by no later than June 4, 2021; and it is further

**ORDERED** that the Government shall file its responsive brief by no later than June 25, 2021; and it is finally

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes pending the completion of the supplemental briefing.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge
