**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JANE DORNICK,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 18-5090 (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner's letter request (ECF No 84) to have her expert witness review video recordings presented during her criminal sentencing in advance of the evidentiary hearing scheduled in this matter.  The Government opposes this request.  (ECF No. 85.)  By way of background, Petitioner pled guilty to the sexual exploitation of a minor in violation of 18 U.S.C. § 2551(a) related to the production of videos depicting child sexual abuse materials ("CSAM") involving her daughter.  (*See* Docket No. 14-243 at ECF No. 69.)  She was sentenced to a term of imprisonment of 360 months.  (*Id.*)  In her current motion to vacate sentence, Petitioner seeks to challenge that conviction and sentence, chiefly arguing that her plea counsel failed to pursue expert testimony regarding her alleged diminished capacity which would have, *inter alia*, better equipped her to argue for a reduced sentence.  (*See, e.g.,* ECF No. 1.)  In support of that claim, Petitioner presented an expert report from Dr. Jefrey C. Singer, who opines that Petitioner's mental history and the facts underlying her case suggest that she possessed such a diminished capacity and was subject to the manipulation of her criminal co-conspirator.  (*See* ECF No. 11-1.) This Court granted Petitioner an evidentiary hearing as to that claim.  (ECF No. 59.)

In her current request, Petitioner contends that her expert witness should be permitted to view copies of the CSAM videos in advance of the hearing in this matter.  Petitioner provides no

legal basis for this request aside from her general concern with preparing her proposed witness for the Government's cross-examination, which may well focus on the counter-evidence provided by the videos themselves. (ECF No. 84 at 1-2.) The Government opposes this request, arguing that Petitioner has not shown good cause to permit the viewing of the videos by her expert, which the Government likens to a discovery request, that it has a duty to minimize unnecessary exposure to the CSAM.

This Court agrees with the Government. Habeas petitioners are not generally entitled to discovery "as a matter of ordinary course." *United States v. Lingala*, No. 19-110, 2025 WL 417048, at *2 (D.N.J. Feb. 6, 2025) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Instead, a habeas petitioner can only show an entitlement to access discovery material, such as the CSAM videos in possession of the Government, by showing good cause – *i.e.,* good reason to believe that pursuing the discovery in question will permit the petitioner to develop and demonstrate an entitlement to relief. *Id.*

Here, Petitioner's proposed expert has already opined on the relevant questions, and Petitioner's letter does not actually show that there is good cause to believe that Petitioner will be better able to demonstrate her entitlement to relief if her expert witness is permitted advance access to the videos. Instead, Petitioner appears to be seeking them merely in preparation for potential cross examination. While the desire to bolster her witness's credibility and ability to better address cross-examination is understandable, that desire is not sufficient cause to warrant permitting Petitioner and her expert access to the videos at this time, especially in light of the the Court's concerns with limiting unnecessary exposure of the videos, and, in turn, the victim. Given that Petitioner has not shown good cause to believe that permitting her expert to view the videos will actually likely lead to a better ability to demonstrate an entitlement to relief, the fact that Petitioner

has had nearly eight years to make such a request and waited to the eve of the hearing in this matter to seek such access, and the fact that the expert has already opined on the issue in question and thus does not appear to require access to render his services to Petitioner, this Court finds that permitting access to the videos in advance of the hearing is not warranted at this time. Petitioner's letter request (ECF No. 84) is therefore denied.

**IT IS THEREFORE**, on this 23rd day of April 2026,

**ORDERED** that Petitioner's letter request (ECF No. 84) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this order upon the parties electronically.

            _____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**